**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cr-00059-JRS-TAB |
| ) | |
| ANDREAS CALHOUN, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING EMERGENCY MOTION FOR RELEASE**
**FROM DETENTION BASED UPON THE COVID-19 PANDEMIC**

This matter is before the Court on Defendant, Andreas Calhoun's ("Calhoun") Emergency Motion for Release from Detention Based Upon the Covid-19 Pandemic (Filing No. 35). Calhoun requests that the Court grant him release from detention due to the Coronavirus ("COVID-19") pandemic. The Government filed its Response in Opposition on June 22, 2020. (Filing No. 40.) For the following reasons, the Motion is **denied**.

**I. BACKGROUND**

Calhoun, a 34-year-old male, is presently detained at the Marion County Jail in Indianapolis, Indiana. On January 21, 2020, Calhoun was charged by Complaint with Bank Robbery, in violation of 18 U.S.C. § 2113(a), Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (Filing No. 2.) He was arrested and appeared before the Magistrate Judge for an initial hearing on January 22, 2020. The Government moved for a detention and January 27, 2020, Calhoun appeared before the Magistrate Judge for a hearing on detention. The Magistrate Judge determined by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety

of any other person and the community; and, by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Calhoun's appearance as required. (Filing No. 14; Filing No. 15.)  He was remanded to the custody of the U.S. Marshal.  The Court cited as reasons for detention that (1) the weight of the evidence is strong, (2) Calhoun is subject to lengthy period of incarceration if convicted, (3) prior criminal history, (4) history of violence or use of weapons, (5) prior failure to appear in court as ordered, and (6) prior violations of probation, parole, or supervised release.  (Filing No. 15 at 2-3.) On February 19, 2020, an Indictment was returned and filed.  (Filing No. 16.)

Calhoun asks that he be released temporarily from detention because he suffers from hypertension and esophagitis and he "is at a high risk of severe illness or death" because of the COVID-19 outbreak.  (Filing No. 35.)  He asks that this Court order the parties "to work with local authorities to bring about suspension of any warrants or detainers until 10 days after the rescission of the Public Health Emergency." *Id.* at 1. Specifically, Calhoun requests pretrial release, that he be placed on home confinement with GPS monitoring and supervision by the United States Probation Office, pursuant to 18 U.S.C. § 3142(i).  He asserts he is a person at risk for serious illness from COVID-19.  *See* CDC (March 12, 2020) at https://bit.ly/2vgUt1P.  Calhoun proffers that he would reside with his mother, Lisa Reed, at her home, located in Indianapolis, Indiana. (Filing No. 35.)

## II.  ANALYSIS

As an initial matter, the Court determines that a hearing is not necessary.  When a criminal defendant appears before a judicial officer, the judicial officer must order the "pretrial release" of the person, subject to certain conditions, unless "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of

any other person in the community." 18 U.S.C. § 3142(b). The judicial officer "may, by subsequent order, permit the temporary release of the person … to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).

The Government opposes Calhoun's release arguing that his release under any circumstances represents an unacceptable danger to our community and a substantial risk of nonappearance. They note that at the time of his arrest for the bank robbery, he was living at home with his mother, at the same address he wishes to return. The Government points out that Calhoun has a criminal history which includes two prior convictions for robbery offenses, a history of failing to appear before the court, numerous probation violations, and his probation has been revoked on multiple occasions. Furthermore, Calhoun is presently charged with a violent offense that involves a firearm. ([Filing No. 40 at 2](#).) The Government argues that Calhoun is extremely dangerous and the public is significantly at risk by his release pending trial. ([Filing No. 40 at 3](#).) Finally, the Government disputes that Calhoun's circumstances have changed as his pretrial services report ("PS3") states "excellent physical health with no medical problems reported." (Filing No. 12 at 3.)

At the Court's request, the United States Probation Office has assessed whether any conditions or combination of conditions would ensure safety of the community if Calhoun were released due to the COVID-19 pandemic. According to the actuarial tables in the probation Risk Instrument, Calhoun is a risk Category 4. He has a 6% chance of failing to appear; a 9% chance of obtaining a new criminal arrest; a 15% chance of having a technical violation; and an overall risk of violating release conditions of 29%. The risk Category 4 indicates that Calhoun is a moderate risk of flight and/or danger to the community.

It is undisputed that the entire United States—including Indiana—is in the midst of a COVID-19 pandemic.  Calhoun seeks release from detention because the COVID-19 virus attacks the elderly and those with underlying health conditions. Calhoun cites his hypertension and esophagitis as the basis for his release.  Although there is some indication that hypertension may be a risk factor for complications if infected with the COVID-19 virus, esophagitis has not been identified as a high risk condition. Calhoun has not presented any medical records to verify the severity of his conditions.  The Court acknowledges that there have been positive cases of the virus at the Marion County Jail where Calhoun is detained. However, Calhoun is young at 34 years old, and he reported no health problems at the time of his pretrial interview. More importantly, he has been charged with a violent offense that involved a firearm, and the Magistrate Judge has determine the weight of evidence against Calhoun is strong. (*See* Filing No. 15 at 2). He has also been convicted of two prior robbery offenses. He clearly poses a risk to the community if released.

The resources of the United States Probation Office are presently limited, and the Court finds no combination of conditions exist that will ensure the safety of the community if Calhoun is released.  Therefore, his Motion is **denied**

### III.  CONCLUSION

For the reasons set forth above, Calhoun's Emergency Motion for Release from Detention Based Upon the COVID-19 Pandemic, (Filing No. 35), is **DENIED**.

**SO ORDERED.**

Date:  6/23/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey A. Baldwin
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
jbaldwin@voyleslegal.com

Jeremy A. Morris
UNITED STATES ATTORNEY'S OFFICE
jeremy.morris@usdoj.gov